UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS W. CURTIS,

Plaintiff

v.

LAKES CROSSING CENTER,

Defendant

Case No.  3:20-cv-00630-RFB-WGC

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner residing at the Lakes Crossing Center.  On November 13, 2020, this Court issued an order denying the Plaintiff's application to proceed *in forma pauperis*, without prejudice, because the application was incomplete.  (ECF No. 3 at 3).  The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 on or before January 12, 2021, 2020.  (*Id.* at 3).  The January 12, 2021 deadline has now expired, and Plaintiff has not filed another application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

1   dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421,

2   1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with

3   local rules).

4          In determining whether to dismiss an action for lack of prosecution, failure to obey

5   a court order, or failure to comply with local rules, the court must consider several factors:

6   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

7   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

8   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9   *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

10  130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11         Here, the Court finds that the first two factors, the public's interest in expeditiously

12  resolving this litigation and the Court's interest in managing the docket, weigh in favor of

13  dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

14  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

15  in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air*

16  *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring

17  disposition of cases on their merits—is greatly outweighed by the factors in favor of

18  dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey

19  the court's order will result in dismissal satisfies the "consideration of alternatives"

20  requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

21  F.2d at 1424.  The Court's order requiring Plaintiff to file another application to proceed

22  *in forma pauperis* or pay the full  $400 filing fee or before January 12, 2021 expressly

23  stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete

24  application to proceed *in forma pauperis* with all three documents or pay the full $400

25  filing fee for a civil action on or before January 12, 2021, this case will be subject to

26  dismissal <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case

27  number, when Plaintiff has all three documents needed to file a complete application to

28  proceed *in forma pauperis* or pays the full $400 filing fee."  (ECF No. 3 at 2-3).  Thus,

1    Plaintiff had adequate warning that dismissal would result from noncompliance with the

2    Court's order to file another application to proceed *in forma pauperis* or pay the full $400

3    filing fee on or before January 12, 2020.

4         IT IS THEREFORE ORDERED that this action is dismissed without prejudice

5    based on Plaintiff's failure to file another application to proceed *in forma pauperis* or pay

6    the full $400 filing fee in compliance with this Court's order dated November 13, 2020.

7         IT IS FURTHER ORDERED that the Clerk of Court will close the case and enter

8    judgment accordingly.  No additional documents will be filed in this closed case.

9         IT IS SO ORDERED.

10        DATED:  January 26, 2021

11

12                                                   _____
                                                     RICHARD F. BOULWARE, II
13                                                   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -